IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

STEVE GENTRY,

           Plaintiff,

    v.

ASH GROVE CEMENT COMPANY,

           Defendant.

No. 2:25-cv-00116-HL

**FINDINGS AND RECOMMEDNATION**

HALLMAN, United States Magistrate Judge:

Plaintiff Steve Gentry moves to remand this case to Baker County Circuit Court, arguing that the allegations pertaining to diversity jurisdiction in Defendant's Notice of Removal are factually defective. ECF 6.[1] For the reasons explained below, Plaintiff's Motion should be DENIED.

## BACKGROUND

On December 18, 2024, Plaintiff filed a complaint in Baker County Circuit Court against Defendant Ash Grove Cement Company, alleging that Defendant engaged in whistleblower

---

[1] This Court concludes that this matter is appropriate for resolution without oral argument.

1 – FINDINGS AND RECOMMENDATION

retaliation in violation of Or. Rev. Stat. ("ORS") § 659A.199. Compl., ECF 1-1. Plaintiff alleged that "[a]t all times material hereto, Defendant . . . is a corporation organized under the laws of Delaware with its principal place of business in Kansas." *Id.* at ¶ 1. Plaintiff alleged that he "is a resident of Baker County in the State of Oregon and was employed by [Defendant] at its facility in Durkee, Oregon from January 2017 until his termination in April 2024." *Id.* at ¶ 2. Plaintiff's Complaint demanded an amount no greater than $1,000,000.00. *Id.* at ¶ 23.

Defendant timely filed a Notice of Removal of this action on January 22, 2025. Not. Of Removal, ECF 1. As relevant here, Defendant alleged the following:

> 3.   The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, and the matter is removable under 28 U.S.C. § 1441 because the parties are completely diverse and the amount in controversy exceeds $75,000. Based on information and belief, Plaintiff is a citizen of Oregon. *See* Compl. ¶ 2. Defendant is a citizen of Delaware and Kansas because it is a corporation organized under the laws of Delaware with its principal place of business in Kansas. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).
>
> 4.   Because this action is between citizens of different states, the complete diversity requirement under 28 U.S.C. § 1332 is satisfied.
>
> 5.   The amount in controversy exceeds $75,000. *See* Compl. ¶¶ 21-27. Accordingly, the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 is satisfied.

*Id.* at 2.

## LEGAL STANDARDS

**I.   Diversity jurisdiction.**

The federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Removal jurisdiction is governed by 28 U.S.C. § 1441. A state court action can be removed if it could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987). "[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (internal quotation marks omitted).

As relevant here, diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a). The complete diversity requirement is met "only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corr. v. Schacht*, 534 U.S. 381, 388 (1998).

A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citations omitted).

**II.     Motion to remand.**

The removing party has "the burden of pleading minimal diversity." *Ehrman v. Cox Commc'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). The removing party must file a notice of removal "'containing a short and plain statement of the grounds for removal.'" *Id.* (citing and quoting 28 U.S.C. § 1446(a)). "A party's allegation of minimal diversity may be based on 'information and belief.'" *Id.* (citing and quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)). The notice "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co. LLC v. Owens* (*Dart*), 574 U.S. 81, 84 (2014)).

A plaintiff's motion to remand which challenges removal jurisdiction is "the functional equivalent of a defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). As such, the challenge may

be either a facial attack that challenges the defendant's grounds for removal as insufficient on their face or a factual attack that contests the truth of the defendant's grounds for removal through the use of evidence outside the pleadings. *Id.* at 1221–22. A facial challenge "accepts the truth of the [removing party's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* at 1121. "A 'factual' attack, by contrast, contests the truth of the [removing party's] factual allegations, usually by introducing evidence outside the pleadings." *Id.*

District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## DISCUSSION

Plaintiff brings a facial challenge to the Notice of Removal.[2] Mot. to Remand. Plaintiff argues that (1) the notice of removal is not supported by factual declarations, *id.* at 4, and (2) Defendant fails to allege that Plaintiff was a resident of Oregon at the time the suit was filed, *id.* at 5–6. For the following reasons, Plaintiff's arguments are incorrect, and the Motion to Remand should be DENIED.

---

[2] Plaintiff's Motion also asserts that the Notice of Removal is "factually defective." Mot. to Remand 6. However, Plaintiff's "factual" argument does contest the truth of Defendant's allegation that Plaintiff is a citizen of Oregon. Rather, Plaintiff only asserts that allegations of residency are insufficient to establish citizenship. This is a facial, not a factual, challenge.

I.  **Defendant was not required to support the motion to remand with declarations.**

Plaintiff first asserts that Defendant was required to support allegations of diversity of citizenship with supporting declarations accompanying the notice of removal. *Id.* at 4. This argument has been rejected by the United States Supreme Court and the Ninth Circuit. In *Dart*, the Supreme Court held that a notice of removal need not contain evidentiary submissions to satisfy the statute's requirements. 574 U.S. at 89. The Ninth Circuit has relied on this holding, stating that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Plaintiff asserts that *Dart* and related Ninth Circuit cases are inapplicable because they "construe [the Class Action Fairness Act's (CAFA)] removal requirements, not the general Federal removal requirements." Pl.'s Reply 3, ECF 11. Although CAFA modified several standards relevant to removal for class actions, *Dart's* holding that a notice of removal "need not contain evidentiary submissions" was based on a plain reading of the removal statute, 28 U.S.C. § 1446(a), which only requires "a short and plain statement of the grounds for removal." *See Dart*, 574 U.S. at 84. Moreover, even prior to *Dart* and the passage of the CAFA in 2005, *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005) (discussing the passage of the CAFA), the Ninth Circuit did not require evidentiary proof of diversity in a notice of removal, *Kanter*, 265 F.3d at 857 ("[A]t [the pleading] stage of the case, the defendants were merely required to allege (not to prove) diversity . . . ."). Accordingly, it is—and has been—well-established that Defendant did not need to support its allegations of diversity with declarations, and Plaintiff's argument to the contrary should be rejected.

## II. Defendant's allegations of diversity jurisdiction are sufficient.

Plaintiff next asserts that Defendant's "conclusory statement" that "Plaintiff is a citizen of Oregon" was insufficient to demonstrate diversity at the time the suit was filed. Mot. to Remand 4–5. Specifically, Plaintiff argues that the residency allegations in the complaint are not sufficient to demonstrate citizenship, and that Defendant was required to allege Plaintiff's citizenship at the time the suit was filed, and not at the time of the notice of removal. *Id.*

The Ninth Circuit rejected similar arguments in *Ehrman*, 932 F.3d at 1227–28. In that case, the plaintiff admitted he was a resident of California in the complaint. *Id.* at 1227. In the notice of removal, the defendant alleged that it was a citizen of Delaware and Georgia and that it "is informed and believes, and on that basis alleges, that [the plaintiff] is a citizen of the state in which he resides, as alleged in the Complaint." *Id.* The Ninth Circuit concluded that those allegations were sufficient because "a defendant's allegations of citizenship may be based solely on information and belief," and the "jurisdictional allegations were sufficient—at least in the absence of a factual or as-applied challenge." *Id.*

The same analysis applies here. Plaintiff alleged that he was a resident of Oregon. Compl. ¶ 2. Defendant then alleged that this Court has diversity jurisdiction because, "[b]ased on information and belief, Plaintiff is a citizen of Oregon." Not. of Removal ¶ 3. As in *Ehrman*, these allegations are sufficient to plausibly allege that Plaintiff was a citizen of Oregon at the time the suit was filed. Defendant was not required to explain why it believed Plaintiff is a citizen of Oregon, and it was not required to plead the exact dates when Plaintiff was a citizen of Oregon. Instead, its short and plain statement that diversity jurisdiction exists because the parties are citizens of different states was sufficient, at least in response to this facial challenge. Plaintiff's argument to the contrary should be rejected.

## RECOMMENDATION

Plaintiff's Motion to Remand, ECF 6, should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 1st day of May, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge